```
David Rapport, City Attorney, SBN: 54384
CITY OF UKIAH
RAPPORT & MARSTON
405 W. Perkins Street
Ukiah, CA 95482
Telephone:    (707) 462-6846
Facsimile:    (707) 462-4235

Attorneys for Defendant
CITY OF UKIAH

Rick W. Jarvis, SBN: 154479
Benjamin P. Fay, SBN: 178856
Daniel P. Doporto, SBN: 176192
JARVIS, FAY & DOPORTO, LLP
475 14TH Street, Suite 260
Oakland, CA 94612
Telephone:    (510) 238-1400
Facsimile:    (510) 238-1404
Email: rjarvis@jarvisfay.com

Attorneys for Defendants
CITY OF UKIAH and UKIAH VALLEY
SANITATION DISTRICT
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF UKIAH; UKIAH VALLEY SANITATION DISTRICT; and DOES 1 through 10, inclusive,<br><br>    Defendants,<br>_____/ | CASE NO:  **C04 4518 CW**<br><br>**STIPULATION AND ORDER REGARDING CONSENT DECREE**<br><br><br>Complaint Filed:              10/6/04<br>2nd Amended Complaint Filed:  6/13/05 |

## **RECITALS**

A.   The City of Ukiah ("the City") owns, operates, and maintains a wastewater collection system within the City and a wastewater treatment plant. The City also performs maintenance under contract on additional collection lines located outside the City, which are owned by the Ukiah Valley

---

Stipulation and Order Regarding Consent Decree          1                    [C 04 4518 CW]

1  Sanitation District ("the District").  The Regional Water Quality Control Board for the North Coast
2  Region ("the Regional Board") has issued Order No. 99-65, regulating the City's treatment plant.  This
3  Order serves as an "NPDES Permit" under the federal Clean Water Act.
4     B.   Plaintiff Northern California River Watch ("River Watch") brought the present action
5  pursuant to 33 U.S.C. § 1365 alleging that the City and the District have violated and are continuing to
6  violate the NPDES Permit in various respects.
7     C.   On January 13, 2006, the Court entered a Consent Decree in this case.  The Consent
8  Decree was the product of settlement negotiations between the parties, and resolved all claims raised in
9  Plaintiff's lawsuit.  It requires the City and the District to take certain specified actions relating to the
10 operation of the wastewater treatment plant and the wastewater collection lines.
11    D.   Sections III(6)(b) and III(6)(c) of the Consent Decree require the City and the District to
12 each implement a sewer lateral inspection, repair, and/or replacement program.  Generally speaking, the
13 Consent Decree requires that the City's and the District's program include sewer lateral inspections of
14 private properties at the time of sale.  However, the Consent Decree authorizes the District (but not the
15 City) to develop an alternative program which meets certain specified performance criteria.  The
16 Consent Decree required compliance with this obligation by January 13, 2007.
17    E.   Both the City and the District have adopted and begun implementation of the required
18 sewer lateral inspection and repair program.  Such implementation has resulted in significant feedback
19 from the public urging the City and the District to develop an alternative program which is not based
20 upon the sale of individual properties, but which is instead based upon consideration of other factors
21 which bear more directly on the likelihood of a lateral requiring repair (such as age and composition of
22 the lateral and the geographic location of the property).
23    F.   The City and the District are interested in developing such an alternative program.  River
24 Watch agrees that it would be in the public's best interest for the City and the District to devote their
25 resources to the study and development of an alternative program, and to suspend implementation of the
26 current program for a limited period of time while the City and the District are studying such
27 alternatives.
28         The Parties thus STIPULATE as follows:

**STIPULATION**

1. The City and the District shall have until November 1, 2007 to comply with the requirements of sections III(6)(b) and III(6)(c) of the Consent Decree (requiring implementation of a sewer lateral inspection and repair program).  While the City and the District have both already begun implementation of such a program (requiring inspections at time of sale of properties), they may both suspend operation of their current activities during this grace period.

2. During this grace period, the City and the District shall analyze the feasibility of developing an alternative sewer lateral inspection and repair program.  Under this alternative program, inspections would take place on a geographic basis or some other basis which takes into account factors relating to the likelihood that a sewer lateral will require repair or replacement (such as age and composition of the lateral), as determined by the City and the District, rather than at point of sale.

3. Any such alternative program shall be subject to the review and approval by River Watch.  River Watch will have the right to reject the alternative program if it does not find the program acceptable, but it shall not unreasonably withhold its approval.  In order to meet the November 1, 2007 date and give time to River Watch to review and consider the alternative, the City and the District should present any alternative proposal to River Watch no later than October 1, 2007.

4. Any alternative program must clearly identify what criteria will be used to determine what order/priority will be given to geographic areas to be subject to inspection, presumably based on age of the sewer laterals in question and any other factors indicating the potential need for inspections in a given geographic area.  It must also identify how the inspections and repairs will be funded.  In considering whether to approve the alternative program, River Watch will need to be satisfied with the adequacy and feasibility of these elements.

5. If, by November 1, 2007, the City and the District develop an alternative program acceptable to River Watch, the parties will stipulate to modify the Consent Decree at that time to incorporate the alternative program.  It is recognized that any such modification to the Consent Decree would require a 45-day review period before it could be adopted by the Court.  In such event, the grace period would have to be further extended until the Court ultimately approves the amendment to the Consent Decree following that review period (the City and the District would not want to begin

1  implementation of the alternative program until they know they have court approval). However, this
2  further extension would only occur if the City and the District develop an alternative acceptable to River
3  Watch. If the City and the District do not develop an alternative program by October 1, 2007, or if
4  River Watch does not subsequently approve it, then the City and the District shall comply with the
5  existing requirements of sections III(6)(b) and III(6)(c) of the Consent Decree by November 1, 2007.

6      6.    All other provisions of the Consent Decree shall remain unchanged.

7  IT IS SO STIPULATED.

8  Dated: May __, 2007                              LAW OFFICE OF JACK SILVER

10                                                 By:_____/s/Jerry Bernhaut_____
                                                          Jerry Bernhaut
11                                                 Attorneys for Plaintiff
                                                   NORTHERN CALIFORNIA RIVER WATCH

12  Dated: May __, 2007                            JARVIS FAY & DOPORTO, LLP

15                                                 By:_____/s/Rick W. Jarvis_____
                                                          Rick W. Jarvis
                                                   Attorneys for Defendants CITY OF UKIAH and
16                                                 UKIAH VALLEY SANITATION DISTRICT

18  **ORDER**

19  Based upon the foregoing stipulation of the Parties, it is hereby ORDERED that the City of Ukiah
20  and the Ukiah Valley Sanitation District shall have until November 1, 2007, to comply with sections
21  III(6)(b) and III(6)(c) of the January 13, 2006 Consent Decree, and that they may suspend current
22  activities to comply with these sections until that date.

23  IT IS SO ORDERED.

24            May 30
25  Dated: _____, 2007                  *Claudia Wilken* (signature)

                                                   _____
26                                                 CLAUDIA WILKEN
                                                   United States District Judge

28  C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\Stipulation and Proposed Order Regarding Consent Decree.wpd