David Rapport, City Attorney, SBN: 54384
CITY OF UKIAH
RAPPORT & MARSTON
405 W. Perkins Street
Ukiah, CA 95482
Telephone:   (707) 462-6846
Facsimile:   (707) 462-4235

Attorneys for Defendant
CITY OF UKIAH

Rick W. Jarvis, SBN: 154479
Benjamin P. Fay, SBN: 178856
Daniel P. Doporto, SBN: 176192
JARVIS, FAY & DOPORTO, LLP
475 14TH Street, Suite 260
Oakland, CA 94612
Telephone:   (510) 238-1400
Facsimile:   (510) 238-1404
Email: rjarvis@jarvisfay.com

Attorneys for Defendants
CITY OF UKIAH and UKIAH VALLEY
SANITATION DISTRICT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF UKIAH; UKIAH VALLEY SANITATION DISTRICT; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants,<br>_____/ | CASE NO:  **C04 4518 CW**<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PARTIES' REQUEST TO MODIFY CONSENT DECREE**<br><br><br>Complaint Filed:　　　　　10/6/04<br>2nd Amended Complaint Filed:　6/13/05 |

## **RECITALS**

A.　The City of Ukiah ("the City") owns, operates, and maintains a wastewater collection system within the City and a wastewater treatment plant.  The City also performs maintenance under contract on additional collection lines located outside the City, which are owned by the Ukiah Valley

1  Sanitation District ("the District").  The Regional Water Quality Control Board for the North Coast
2  Region ("the Regional Board") has issued Order No. 99-65, regulating the City's treatment plant.  This
3  Order serves as an "NPDES Permit" under the federal Clean Water Act.

4        B.      Plaintiff Northern California River Watch ("River Watch") brought the present action
5  pursuant to 33 U.S.C. § 1365 alleging that the City and the District were in violation of the NPDES
6  Permit in various respects.

7        C.      On January 13, 2006, the Court entered a Consent Decree in this case.  The Consent
8  Decree was the product of settlement negotiations between the parties, and resolved all claims raised in
9  Plaintiff's lawsuit.  It requires the City and the District to take certain specified actions relating to the
10 operation of the wastewater treatment plant and the wastewater collection lines.

11       D.      Sections III(6)(b) and III(6)(c) of the Consent Decree require the City and the District to
12 each implement a sewer lateral inspection, repair, and/or replacement program.  Generally speaking, the
13 Consent Decree requires that the City's and the District's program include sewer lateral inspections of
14 private properties at the time of sale.  However, the Consent Decree authorizes the District (but not the
15 City) to develop an alternative program which meets certain specified performance criteria.  The
16 Consent Decree required compliance with this obligation by January 13, 2007.

17       E.      In early 2007, both the City and the District had adopted and begun implementation of
18 the required sewer lateral inspection and repair program.  Such implementation resulted in significant
19 feedback from the public urging the City and the District to develop an alternative program which is not
20 based upon the sale of individual properties, but which is instead based upon consideration of other
21 factors which bear more directly on the likelihood of a lateral requiring repair (such as age and
22 composition of the lateral and the geographic location of the property).

23       F.      On May 22, 2007, the parties stipulated that the City and the District could suspend its
24 compliance with Sections III(6)(b) and III(6)(c) until November 1, 2007, in order to provide them with
25 additional time to develop an alternative program.  On May 30, 2007, the Court entered an order
26 approving this stipulation.

27       G.      Thereafter, the City and the District have developed an alternative program for sewer
28 lateral inspection and repair, and River Watch has approved this alternative program.  This alternative

1  program identifies various "triggers" for mandatory sewer lateral inspections for private residences, as
2  are described in the proposed Order Modifying Consent Decree attached hereto as **Exhibit A**.

3  H.     In order for the City and the District to implement this alternative program in lieu of the
4  programs originally required under Sections III(6)(b) and III(6)(c) of the Consent Decree, the Court
5  would have to approve this proposed Order. The Parties stipulate and agree that it will be in the best
6  interest of the public and the environment for the Court to approve this proposed Order.

7  I.     Before the Court may enter this proposed Order Modifying the Consent Decree, this
8  proposed Order arguably must first be served on the United States Attorney General and the
9  Administrator of the Environmental Protection Agency, for a 45-day review period, in accordance with
10 33 U.S.C. 1365(c) and 40 C.F.R. § 135.5(a).

11 The Parties thus STIPULATE as follows:

## STIPULATION

13 1.     The Parties stipulate to entry of the proposed Order Modifying Consent Decree attached
14 hereto as Exhibit A.

15 2.     If this stipulation is approved by the Court, the City shall serve the proposed Order
16 Modifying the Consent Decree on the United States Attorney General and the Administrator of the
17 Environmental Protection Agency for a 45-day review period, in accordance with 33 U.S.C. 1365(c) and
18 40 C.F.R. § 135.5(a).

19 3.     Following the completion of the 45-day review period, the City shall send a letter to
20 Judge Claudia Wilken notifying her that the review period has concluded and requesting her execution
21 of the proposed Order Modifying Consent Decree, if it meets with her approval.

22 4.     The May 30, 2007 Order of the Court granted the City and the District a grace period
23 until November 1, 2007, to comply with the requirements of sections III(6)(b) and III(6)(c), and
24 recognized that an additional grace period would be necessary if the Consent Decree were to be
25 modified to provide for an alternative sewer lateral inspection and repair program. In accordance with
26 that Order, the Parties stipulate that the City and the District shall be granted an additional grace period,
27 pending federal review and the Court's consideration of the proposed Order Modifying Consent Decree.
28 If the proposed Order is granted, the City's and the District's obligation to comply with sections

1  III(6)(b) and III(6)(c) shall be superceded in accordance with the terms of the proposed Order. If the

2  proposed Order is not ultimately granted, the grace period shall expire 60 days after the City and the

3  District are notified of the Court's rejection of the proposed Order.

4     5.   All other provisions of the Consent Decree shall remain unchanged.

5  IT IS SO STIPULATED.

6  Dated: October 25, 2007          LAW OFFICE OF JACK SILVER

7                                    By:      /s/Jerry Bernhaut
                                           Jerry Bernhaut
8                                    Attorneys for Plaintiff
                                     NORTHERN CALIFORNIA RIVER WATCH

9  Dated: October 25, 2007          JARVIS FAY & DOPORTO, LLP

10                                   By:      /s/Rick W. Jarvis
                                           Rick W. Jarvis
11                                   Attorneys for Defendants CITY OF UKIAH and
                                     UKIAH VALLEY SANITATION DISTRICT

### ORDER

The Court hereby approves the stipulation of the Parties. The City shall serve the proposed Order Modifying Consent Decree on the United States Attorney General and the Administrator of the Environmental Protection Agency for a 45-day review period, in accordance with 33 U.S.C. 1365(c) and 40 C.F.R. § 135.5(a), as required under Paragraph 2 of the Stipulation. The City shall notify this Court once the 45 day review period has completed, as required under Paragraph 3 of the Stipulation. Following such notification, the Court will consider adoption of the proposed Order Modifying Consent Decree. Pending completion of the foregoing actions, the obligation of the City of Ukiah and the Ukiah Valley Sanitation District to comply with section III(6)(b) and III(6)(c) of the January 13, 2006 Consent Decree is hereby suspended, in accordance with the terms of Paragraph 4 of the Stipulation.

IT IS SO ORDERED.

Dated:  10/29/07              , 2007

_____
CLAUDIA WILKEN
United States District Judge

J:\Clients\107 [Ukiah]\[002 Riverwatch II]\Plead\Stipulation and Order Regarding Parties Request to Modify Consent Decree.wpd