David Rapport, City Attorney, SBN: 54384
CITY OF UKIAH
RAPPORT & MARSTON
405 W. Perkins Street
Ukiah, CA 95482
Telephone: (707) 462-6846
Facsimile: (707) 462-4235

Attorneys for Defendant
CITY OF UKIAH

Rick W. Jarvis, SBN: 154479
Benjamin P. Fay, SBN: 178856
Daniel P. Doporto, SBN: 176192
JARVIS, FAY & DOPORTO, LLP
475 14TH Street, Suite 260
Oakland, CA 94612
Telephone: (510) 238-1400
Facsimile: (510) 238-1404
Email: rjarvis@jarvisfay.com

Attorneys for Defendants
CITY OF UKIAH and UKIAH VALLEY
SANITATION DISTRICT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF UKIAH; UKIAH VALLEY SANITATION DISTRICT; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: **C04 4518 CW**<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING CONSENT DECREE**<br><br>Complaint Filed: 10/6/04<br>2nd Amended Complaint Filed: 6/13/05 |

## **RECITALS**

A. The City of Ukiah ("the City") owns, operates, and maintains a wastewater collection system within the City and a wastewater treatment plant. The City also performs maintenance under contract on additional collection lines located outside the City, which are owned by the Ukiah Valley

1 Sanitation District ("the District").  The Regional Water Quality Control Board for the North Coast
2 Region ("the Regional Board") has issued Order No. 99-65, regulating the City's treatment plant.  This
3 Order serves as an "NPDES Permit" under the federal Clean Water Act.

4       B.      Plaintiff Northern California River Watch ("River Watch") brought the present action
5 pursuant to 33 U.S.C. § 1365 alleging that the City and the District were in violation of the NPDES
6 Permit in various respects.

7       C.      On January 13, 2006, the Court entered a Consent Decree in this case.  The Consent
8 Decree was the product of settlement negotiations between the parties, and resolved all claims raised in
9 Plaintiff's lawsuit.  It requires the City and the District to take certain specified actions relating to the
10 operation of the wastewater treatment plant and the wastewater collection lines.

11       D.      Sections III(6)(b) and III(6)(c) of the Consent Decree require the City and the District to
12 each implement a sewer lateral inspection, repair, and/or replacement program.  Generally speaking, the
13 Consent Decree requires that the City's and the District's program include sewer lateral inspections of
14 private properties at the time of sale.  However, the Consent Decree authorizes the District (but not the
15 City) to develop an alternative program which meets certain specified performance criteria.  The
16 Consent Decree required compliance with this obligation by January 13, 2007.

17       E.      In early 2007, both the City and the District had adopted and begun implementation of
18 the required sewer lateral inspection and repair program.  Such implementation resulted in significant
19 feedback from the public urging the City and the District to develop an alternative program which is not
20 based upon the sale of individual properties, but which is instead based upon consideration of other
21 factors which bear more directly on the likelihood of a lateral requiring repair (such as age and
22 composition of the lateral and the geographic location of the property).

23       F.      On May 22, 2007, the parties stipulated that the City and the District could suspend its
24 compliance with Sections III(6)(b) and III(6)(c) until November 1, 2007, in order to provide them with
25 additional time to develop an alternative program.  On May 30, 2007, the Court entered an order
26 approving this stipulation.

27       G.      Thereafter, the City and the District have developed an alternative program for sewer
28 lateral inspection and repair, and River Watch has approved this alternative program.

Stipulation and Order Modifying Consent Decree       [C 04 4518 CW]

The Parties thus STIPULATE to amendment of Section III(6)(b) and III(6)(c) as follows:

**<u>AMENDMENT TO CONSENT DECREE</u>**

**I.  Section III(6)(b) is amended to read as follows:**

"Within ninety (90) days after this amendment to Section III(6)(b) of the Consent Decree is approved by the District Court, the City and District shall implement sewer lateral inspection, repair and/or replacement programs as further provided herein. Such programs shall require mandatory sewer lateral inspection upon the occurrence of the "triggers" identified below.  Repair, replacement or rehabilitation of sewer laterals shall proceed according to the need indicated by inspection and according to a schedule that requires the repair, rehabilitation or replacement within a reasonable time. Sewer main repair, rehabilitation or replacement shall be prioritized based on an analysis of areas with the greatest likelihood of sewer main infiltration and inflow and areas within 100 feet of creeks and streams identified as impacted by the sewer system in the healthy waterways study required by section 10 ("healthy waterways study").  Sewer main repair, rehabilitation or replacement shall be implemented within the respective service area of each agency and shall be coordinated with Capital Improvement Program (CIP) budgets adopted by the City and the District and funded from the existing sewer rate structure.

The triggers for sewer lateral inspection are:

1. Upon the occurrence of a sanitary sewer overflow from the private lateral;
2. Upon the discovery of either an illegal connection or an illegal discharge to the public sewer system;
3. Upon application for a major remodel or the addition of a plumbing fixture having assigned to it two or more fixture units as are assigned by the adopted Plumbing Code;
4. Upon a change of use of the property served that results in a significant increase in sewage discharged to the sewer system or demand for treatment of sewage,  for example, from a retail business to a restaurant;
5. In conjunction with the replacement or rehabilitation of the public sewer main to

|   |   |
|---|---|
| 1 |  which the lateral is connected; and |
| 2 | 6. Upon the occurrence of a "qualifying sewer lateral service call," where the |
| 3 |  service provider finds indications of a damaged sewer lateral; |
| 4 | 7. Within one year of a determination by the healthy waterways study that a creek or |
| 5 |  stream is impacted by the sewer system, sewer laterals serving parcels that are |
| 6 |  located within 100 feet of any such impacted creek or stream. |

The City and the District retain the discretion to modify the program requirements set forth herein. Any such modification shall be subject to the review and consent of River Watch, but River Watch may not unreasonably withhold its consent so long the City and/or the District demonstrates that the program results in inspection of 20% of the sewer laterals during the first seven years after the approval of the alternative program."

**II. Section III(6)(c) is hereby deleted.**

**III. All other provisions of the Consent Decree shall remain unchanged.**

IT IS SO STIPULATED.

Dated: October 25, 2007
LAW OFFICE OF JACK SILVER

By: /s/Jerry Bernhaut
Jerry Bernhaut
Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

Dated: October 25, 2007
JARVIS FAY & DOPORTO, LLP

By: /s/Rick W. Jarvis
Rick W. Jarvis
Attorneys for Defendants CITY OF UKIAH and
UKIAH VALLEY SANITATION DISTRICT

**ORDER**

Sections III(6)(b) and III(6)(c) of the January 13, 2006 Consent Decree are hereby amended as set forth above.

IT IS SO ORDERED.

Dated: 12/19, 2007

_____
CLAUDIA WILKEN
United States District Judge

J:\Clients\107 [Ukiah]\[002 Riverwatch II]\Plead\Stipulation and Order Modifying Consent Decree.wpd